## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Cheryl Edwards ("Edwards") and Host International, Inc. (the "Defendant").

### Recitals

A. Edwards has filed a Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:12-cv-00422-SCJ (the "Civil Action"), claiming that the Defendant violated the Fair Labor Standards Act ("FLSA").

B. The Defendant denies that it is liable to Edwards under the allegations set forth in the Civil Action or any other cause of action that could arise out of her employment by, or business relationship with, the Defendant.

C. The parties have entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle any and all prior and existing disputes, claims and controversies between the parties without the cost and expense of litigation, and to bar any and all future disputes, claims and controversies between the parties arising out of any facts or events, known or unknown, related to Edwards employment with the Defendant.

D. The purpose of this Agreement is to further settle and compromise and obtain the complete withdrawal and dismissal, with prejudice, of the Civil Action without admission by either party with respect to any issue. Each party believes settlement of the Civil Action and all employment-related disputes between the parties is in their mutual best interest. Edwards acknowledges that the Defendant's settlement of her claim does not constitute an admission of liability or an admission of any wrongdoing.

THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. This Agreement shall not in any way be construed as an admission by the Defendant of any unlawful or wrongful acts whatsoever.

2. Three (3) business days after the dismissal with prejudice of the Civil Action (and the expiration of the seven (7) day revocation period in Paragraph 7), the Defendant agrees to pay in full settlement of Edwards' claim the total sum of $4,000.00. The payments will be made in four (4) checks as follows: (1) $827.93 in back wages, less applicable taxes and withholdings, to Edwards; (2) $827.93 in liquidated damages to Edwards; (3) $500.00 for a general release, including, but not limited to, claims raised in or relating to the Charge; and (4) $1,844.15 in attorneys' fees to Mays & Kerr LLC. The Defendant will issue appropriate tax forms. The voluntary payments set forth in this Paragraph shall settle and compromise Edwards' claims in the Civil Action, and any and all other potential claims of Edwards or her attorneys, and shall constitute the only sums to be paid to Edwards or her attorneys. Edwards further acknowledges and understands that the payments in this Paragraph constitute consideration to which she is not otherwise already entitled.

3. Within five (5) business days after the execution of this Agreement by all Parties, the Parties shall file a Joint Motion for Approval of Settlement, seeking the Court's approval of this Agreement, and a copy of this Agreement shall be attached thereto. Within three (3) business days after the Court enters an Order approving this Agreement, the Parties shall file a Stipulation for Dismissal with Prejudice with the Court, dismissing the Complaint against the Defendant with prejudice.

4. Edwards represents that she has no suits, claims, charges, complaints, or demands of any kind whatsoever, other than the Civil Action currently pending against the Defendant, or against any of its related entities, divisions, current or former employees, parents, owners, officers, directors, partners, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or

board. Edwards will not in the future, to the extent permissible by law, file, process, encourage, aid, or participate in any suit, claim, charge, complaint, demand, or judgment of any kind whatsoever, involving, directly or indirectly, the Defendant, its related entities, divisions, current or former employees, parent, owners, officers, directors, partners, agents, attorneys, insurers, legal representatives, successors, or assigns, in any local, state or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Agreement related to her employment with the Defendant, except to the extent she is compelled lawfully to do so pursuant to a court order or subpoena, or other legal process. Nothing in this Agreement is intended to prevent Edwards from cooperating in a federal or state investigation.

   5.   For consideration that she is otherwise not entitled to, Edwards, on her own behalf and for her heirs, legal representatives, agents, attorneys, personal representatives, successors and assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and any and all affiliated persons or business entities, including, but not limited to, any and all parent companies, sister companies, related entities, subsidiaries, affiliates, predecessors, successors, and assigns, together with their respective current and former officers, owners, directors, shareholders, members, partners, insurance carriers, agents, attorneys, representatives, and employees, and together with all persons, firms or corporations charged or chargeable with responsibility or liability (collectively "the Releasees"), from any and all actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, agreements, promises, damages, judgments, executions, claims and demands of any nature whatsoever arising at law or in equity, which Edwards may have had, may now have or may have in the future, both known and unknown, against the Releasees arising out of Edwards' employment by or relationship with the Defendant, and specifically including actions for equitable

or declaratory relief of any kind, reinstatement, back pay, severance benefits under any severance plan, damages or compensatory relief of any kind, punitive or liquidated damages of any kind, violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, ERISA, Georgia Workers' Compensation Law, or for costs, attorneys' fees or interest available under United States or state constitution, statute, law or regulation, municipal ordinance or regulation, or common law. This Release is given in exchange for consideration that Edwards was not otherwise entitled to and does not apply to any claim or cause of action arising after Edwards signs this Agreement.

6. Edwards understands that this Agreement and the Release contained herein are a complete waiver, release and discharge all claims of any kind which Edwards may have against Host arising out of her employment, and that she has entered into this Agreement knowingly and voluntarily. Edwards acknowledges that she was advised to consult with, and did in fact consult with, her attorneys at Mays & Kerr LLC prior to executing this Agreement.

7. Edwards represents and warrants that she has had the opportunity to consider this Agreement for twenty-one (21) calendar days from the day that it was presented to her. Edwards further agrees that any material or non-material changes to this Agreement do not serve to extend her review and decision period past the initial twenty-one (21) calendar days. Edwards understands that she may revoke her acceptance of this Agreement within seven (7) calendar days after signing it. Revocation of this Agreement must be made by actual delivery of written notice of revocation to James Seegers, Esquire, Baker & Hostetler, LP, 200 South Orange Avenue, Suite 2300, Orlando, Florida 32801, on or before the end of the close of business on the eighth calendar day after Edwards signs the Agreement.

Although twenty-one (21) days may not have passed, Edwards acknowledges that she has considered this Agreement, and waives, to the extent that they exist, any remaining days of the twenty-one (21) day review period and requests that the seven (7) day revocation period, during which she may revoke acceptance of this Agreement, begin on the day she executes this Agreement. Edwards understands that the seven (7) day revocation period may not be waived. Edwards further agrees that the Defendant shall not be required to make the Settlement Sum Payment in Paragraph 2 until after the expiration of the revocation period.

8. Edwards promises that she will not make critical, negative or disparaging remarks about the Releasees including, but not limited to, comments about any of the Releasees' employees, managers or owners, products, services, business or employment practices.

9. Other than the funds that are being paid pursuant to this Agreement, Edwards waives any claim or right she may have to the payment of attorney's fees or any other costs incurred in connection with this dispute.

10. Edwards represents and warrants that she has been advised to consult with her attorneys, Mays & Kerr, LLC, prior to executing this Agreement, and has been given a reasonable period of time to consider this Agreement before signing it. By signing this Agreement, Edwards states that she has read it, understands it, knows that she is giving up important rights, and has signed it knowingly and voluntarily, and that the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Edwards further represents and warrants that she has not relied on any inducements, promises, or representations by the Defendant or any other entity or person, other than the terms and conditions of this Agreement.

11. Edwards indemnifies and holds harmless the Defendant and the other Releasees from any and all claims for attorney's fees and costs by any other lawyer, law firm, or other party who

represented (or claims to have represented) Edwards in any dispute with the Defendant. This indemnification includes attorney's fees and costs incurred by the Defendant.

12. Edwards further indemnifies and holds harmless the Defendant, its related or affiliated entities, officers, directors, employees, and its attorneys, from any claims, levy, lawsuit, penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the settlement sum set forth in Paragraph 2. This indemnification includes attorney's fees and costs incurred by the Defendant.

13. The laws of the State of Georgia shall govern this Agreement, and venue for any litigation brought to enforce this Agreement shall lie exclusively in the County and/or Circuit Court in and for Fulton County, Georgia, or the United States District Court for the Northern District of Georgia, Atlanta Division. At least ten (10) business days prior to commencing an action based on the alleged breach of this Agreement, the complaining party must give written notice to the other party via facsimile and certified mail of that party's intent to file an action.

14. The parties agree that this Agreement shall be null and void at the Defendant's sole discretion in the event that the referenced dismissal of the Civil Action fails completely and totally to dispose of, terminate and cause to be closed with finality such claims.

15. This Agreement constitutes the entire agreement between the parties, and no other promises or agreements shall be binding unless signed by all parties. All prior representations regarding this Agreement are expressly disclaimed by all parties unless incorporated in this Agreement.

16. Edwards disclaims and waives any right of reinstatement or future employment with the Defendant or the other Releasees, and Edwards agrees that she will not seek employment at any time in the future with the Defendant or the other Releasees. This Agreement shall constitute a legitimate, nondiscriminatory reason and non-retaliatory reason for refusal to employ Edwards. If

Edwards is rehired or hired by the Defendant or any other Releasee, by omission or otherwise, she agrees to resign immediately upon written notice by such Releasee.

17. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses, which shall remain in full force and effect.

18. The parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against either party on the basis of sole authorship.

19. Any written notices required to be made hereunder shall be made to the following:

For Edwards:

John L. Mays, Esquire
Mays & Kerr LLC
229 Peachtree Street NE
International Tower, Suite 980
Atlanta, Georgia 30303

For the Defendant:

James W. Seegers, Esquire
Baker & Hostetler, LLP
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801

20. In the event that litigation becomes necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

21. The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

22. The recitals are incorporated by reference.

[ **SIGNATURES ON FOLLOWING PAGE** ]

DATED this \_\_4th\_\_ day of \_\_May\_\_, 2012.

_____
CHERYL EDWARDS

HOST INTERNATIONAL, INC.

_____

By: \_\_Chuck Powers\_\_

Its: \_\_EVP, Chief HR Officer\_\_
Corporate Human Resources

601266540
DRAFT 04/30/12 6:03PM